IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**BERNARD JONES**                                                                                          **PETITIONER**

v.                                          Civil No. 4:10-CV-4096

**STATE OF ARKANSAS**                                                                                     **RESPONDENT**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, BERNARD JONES, an inmate confined in the Arkansas Department of Corrections, filed this Petition for Writ of *a Habeas Corpus* pursuant to 28 U.S.C. § 2254. The Petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

**A.  Procedural Background**[1]:

On August 24, 2009, Petitioner pled guilty to possession of crack cocaine with intent to deliver and was sentenced to 216 months imprisonment by the Circuit Court of Hempstead County, Arkansas.[2]  ECF No. 10-2.   Petitioner was represented by counsel during this state criminal proceeding.   Petitioner did not reserve his right to directly appeal the conviction or sentence.  He did reserve the right to seek state post-conviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure.

On January 19, 2010, Petitioner filed a petition for relief pursuant to Rule 37 in the Circuit

---

[1] The procedural background is taken from the Petition, Response to Petition, and the Court's Docket.

[2] The presumptive sentence under Arkansas law for this offense was 120 months.  However, the trial court departed from the sentencing grid and imposed a longer sentence because of a finding that Petitioner was on probation or parole at the time of the underlying offense, had a pattern of similar criminal behavior, and a prior record of similar offenses.  ECF No. 10-2.

Court of Hempstead County, Arkansas. According to the Respondent, this state petition sought relief similar to the relief Petitioner seeks in the instant action. ECF No. 10, p. 2. The state court denied the petition as untimely on February 8, 2010. ECF No. 10-4. Petitioner did not appeal the denial of his Rule 37 petition to the state appellate courts.

**B. Current Petition**:

On July 1, 2010, the instant Petition for Writ of *a Habeas Corpus* relief was filed. ECF No. 1. Petitioner alleges the following errors in this state court criminal proceeding: (1) denial of effective assistance of counsel because his trial counsel failed do an adequate pretrial investigation, failed to file a motion to suppress evidence and a motion to quash the information charging him with a crime, despite Petitioner's request that counsel do so; (2) because of trial counsel's conduct, petitioner did not knowingly and intelligently waive his right to appeal; (3) unconstitutional search and seizure of evidence; (4) unlawful arrest; (5) denial of a fair and impartial trial; and (6) denial of due process of law.

The Respondent asserts that Petitioner's claims were waived by his entry of a plea of guilty or alternatively are procedurally barred in that Petitioner failed to comply with state procedural rules prior to the filing of the instant Petition. ECF No. 10. The Court will address both of these issues in this Report and Recommendation.

**C. Discussion**:

**1. Waiver**: Once a criminal defendant enters his plea of guilty to a criminal offense, he is not thereafter free to raise independent claims relating to the deprivation of constitutional rights that occurred prior to entry of the guilty plea. *See Thundershield v. Solem*, 565 F.2d 1018, 1026 (8th Cir. 1977) citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *McMann v. Richardson*, 397 U.S. 759,

771 (1970). Following a guilty plea a criminal defendant can only attack the voluntary and intelligent character of the plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. *See Thundershield*, 565 F.2d at 1026. Where a defendant is represented by counsel and enters a plea of guilty upon counsel's advice, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." *Blalock v. Lockhart,* 977 F.2d 1255, 1257 (8th Cir. 2000), quoting *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). A *habeas* petitioner must show that his trial counsel's representation fell below an objective standard of reasonableness, and further, that but for counsel's errors, petitioner would have insisted on going to trial rather than plead guilty. *See id*.

> In this case Petitioner specifically alleges:
>
> I Bernard Jones did ask my Public defender Anthony Biddle to file motion to suppress evidence and motion to quash information.  Mr. Biddle would not comply but over my objection lead me into pleading out in open court so that I give up my right to appeal.  I did not knowingly and intelligently waive my rights, but acted upon my Attorney's advise which in turn denied me a fair trial.

ECF No. 1 p. 4. The Judgment and Commitment Order sentencing the Petitioner in the underlying criminal case recites the following in its opening paragraph:

> On 8/24/2009 the defendant appeared before the Court, was advised of the nature of the charges, of constitutional and legal rights, of the effect of a guilty plea upon those rights, and of the right to make a statement before sentencing. . .

ECF No. 10-2. Further, during the plea soliloquy on August 24, 2009, the following exchange occurred between the Petitioner and the Hon. Wm. Randal Wright, Circuit Judge of Hempstead County, Arkansas:

> THE COURT: Mr. Jones, I've been handed a plea and waiver form with seven

numbered paragraphs; is that your signature at the bottom?

BERNARD JONES: Yes.

THE COURT: Have you gone over this with Mr. Biddle [trial counsel]?

BERNARD JONES: Yes.

THE COURT: Did you go over each paragraph with him?

BERNARD JONES: Yes.

THE COURT: Do you understand the right[s] you're giving up if the Court accepts your plea?

BERNARD JONES: Yes.

THE COURT: And including the right to a jury trial which has been set for this week?

BERNARD JONES: Yes.

THE COURT: Do you wish to waive that right?

BERNARD JONES: Yes.

THE COURT: Are you satisfied with the advice given to you by Mr. Biddle?

BERNARD JONES: Yes.

THE COURT: Have you attempted to help him in your case in anyway giving him information, names of witnesses and that type of thing?

BERNARD JONES: Yes.

THE COURT: Have any promises or threats been made to cause you to enter a plea at this time?

BERNARD JONES: No.

. . .

> THE COURT: And in count one, you are charged with possession of a controlled substance, crack/cocaine with the intent to deliver that occurred on or about April 2, 2009. To that charge how do you plea?
>
> BERNARD JONES: Guilty.
>
> . . .
>
> THE COURT: What is the state's recommendation in this matter?
>
> MR. PARKER[prosecutor]: Twenty-five years in the Arkansas Department of Corrections with seven years suspended.
>
> THE COURT: Is that your understanding, Mr. Jones, of the agreement?
>
> BERNARD JONES: Yes.

See ECF No. 11-1. It is clear the state court advised Petitioner of his rights, including the right to go to trial, before entering the guilty plea. Once Petitioner was advised of his rights and admitted the he was in fact guilty, he can no longer raise independent claims of constitutional deprivation related to the guilty plea or matters that occurred prior to the plea of guilty. *See Tollet,* 411 U.S. at 267. Further, Petitioner, prior to entry of the guilty plea, was specifically asked by the trial court about his satisfaction with trial counsel's efforts on his behalf. He answered that he was satisfied with the representation provided by trial counsel. All of Petitioner's claims were waived by his entry of a plea of guilty in this matter.

    **2. Procedural Default**: In addition to the waiver discussed above, the State in this case asserts that Petitioner is procedurally barred from pursuing his claims, including the claim of ineffective assistance of counsel. Specifically the State asserts there is an adequate and independent state remedy that was not exhausted by Petitioner before seeking federal *habeas corpus* relief.

    A federal court is precluded from considering a *habeas corpus* claim that a "state court has

disposed of on independent and adequate non-federal grounds, including state procedural grounds."  *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004), *citing Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir.2002).   "This rule applies to bar federal *habeas* claims that a state has declined to consider because of the prisoner's failure to satisfy a state procedural requirement.  A state procedural rule will not bar enforcement of a federal right, however, unless the rule furthers a legitimate state interest." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008)(ineffective assistance of counsel claim barred by failure to follow a state procedural rule).  If a state prisoner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice[3]," then he overcomes the procedural bar and may proceed in a federal *habeas corpus* action.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  "In other words, a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal *habeas corpus* petition, unless he can meet strict cause and prejudice or actual innocence standards."  *Clemons*, 381 F.3d at 750.

   Arkansas has a procedural rule that governs post-conviction petitions.  *See* A.R.Cr.P. Rule 37.  Rule 37.2(c) states: "If a conviction was obtained on a plea of guilty, or the petitioner was found guilty at trial and did not appeal the judgment of conviction, a petition claiming relief under this rule must be filed in the appropriate circuit court within ninety (90) days of the date of entry of judgment."  In this case Petitioner pled guilty on August 24, 2009.  The judgment and sentence was entered on August 27, 2009.  Petitioner therefore had ninety (90) days from August 24, 2009, in which to file his Rule 37 petition, or until November 25, 2009.  His petition was filed on January 19,

---

[3]To demonstrate a fundamental miscarriage of justice a petitioner must show his actual innocence of the charges.  *See Sawyer v. Whitely*, 505 U.S. 333, 339 (1992).

2010 and was denied as untimely filed. ECF No. 10-4. Petitioner did not thereafter seek review in the Arkansas Supreme Court. Petitioner failed to follow state procedural requirements in raising his claims before the state courts and his claims here are barred.

**a. Cause and Prejudice**: Because Petitioner's claims were barred by a state procedural rule he must show cause and prejudice or demonstrate a fundamental miscarriage of justice in order to proceed in federal court on this *habeas corpus* petition. *See Coleman*, 501 U.S. at 750. Neither the Petitioner nor the Respondent addressed the issue of cause and prejudice for Petitioner's procedural default in the state post conviction proceeding. The Court has carefully reviewed the Petition, Response and all exhibits in this matter. Based on this review the Court finds that Petitioner can not show cause for his procedural default.

Petitioner does not allege the state court acted incorrectly in denying his Rule 37 petition as untimely. He does not assert that any state action preventing him from complying with the requirements of Rule 37. He does not assert that he is unable to understand or prepare a petition for post conviction relief and in fact has demonstrated by his pleadings in this Court that he is capable of proceeding on his own behalf. In short, based on the record before this Court, Petitioner cannot establish "cause" for his procedural default in this manner.[4]

**b. Actual Innocence**: A federal *habeas* petitioner who has procedurally default may be able to proceed if he establishes (1) new and reliable evidence that was not presented to the state courts, and (2) that in light of the new evidence it is more likely than not that no reasonable juror would have convicted him. *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997). This exception

---

[4] Because the Petitioner has failed to establish "cause" for his procedural default the Court need not examine whether he was prejudiced by the default.

should only be applied in an "extraordinary case." *Id.*

Here Petitioner alleges no new evidence regarding his actual innocence. He doesnt even claim actual innocence. He makes no allegation that any new evidence would likely result in a finding of not guilty were this case remanded for a trial on the merits. Petitioner has wholly failed to show that a fundamental miscarriage of justice will occur absent this court granting his *habeas corpus* petition.

**D. Conclusion**:

Petitioner waived his rights to raise the issues presented here by entry of his knowing and voluntary plea of guilty in the underlying criminal action. He was also procedurally barred by an independent state procedural rule from presenting his claims in state court. Further, he has failed to establish "cause" for that procedural default, and he has failed to plead or establish that new and reliable evidence exists which tends to show his actual innocence. Thus the Petition filed herein should be denied and dismissed with prejudice.

**E. Recommendation**:

Accordingly, based on the foregoing, it is recommended that the instant Petition be **DENIED** as dismissed with prejudice.[5]

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

---

[5] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*

**reminded that objections must be both timely and specific to trigger de novo review by the district court.** See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **5th day of January 2011.**

                                              /s/ Barry A. Bryant
                                          HON. BARRY A. BRYANT
                                          U.S. MAGISTRATE JUDGE